UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

STEEDA AUTOSPORTS, INC.,

    Plaintiff,

v.                              Case No.   7:14-cv-131(HL)

TURN 5, INC.,
D/B/A AMERICAN MUSCLE,

    Defendant.
_____/

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff STEEDA AUTOSPORTS, INC. ("Steeda") sues Defendant TURN 5, INC., d/b/a AMERICAN MUSCLE ("Turn 5") for Patent Infringement under the Patent Act, and complains as follows:

### THE PARTIES

1.    Plaintiff Steeda is a Florida corporation having a principal place of business at 2019 Steeda Way, Valdosta, Georgia 31601.

2.    Defendant Turn 5 is, upon belief, a Pennsylvania corporation having a principal place of business at 7 Lee Road, Malvern, Pennsylvania 19355.

### JURISDICTION AND VENUE

3.    This is an action for Patent Infringement under the Patent Act, 35 U.S.C. § 271.

4.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1338(a).

5. This Court has personal jurisdiction over the Defendant under Georgia's Long-Arm Statute, O.C.G.A. § 9-10-91.

    a) Turn 5 is an internet retailer of aftermarket automobile parts.

    b) Turn 5 regularly transacts business in the State of Georgia.

    c) Turn 5 regularly solicits business from existing and potential customers in the State of Georgia, including those who reside in the Middle District of Georgia.

    d) Turn 5 regularly communicates with customers and potential customers in the State of Georgia, including those who reside in the Middle District of Georgia, through postal, telephonic and internet contacts.

    e) Turn 5 regularly sells products to customers in the State of Georgia, including, those who reside in the Middle District of Georgia.

    f) Turn 5 regularly ships merchandise to persons in the State of Georgia, including those who reside in the Middle District of Georgia.

    g) Turn 5 derives substantial revenue from goods used or consumed in the State of Georgia, including, the Middle District of Georgia.

    h) The present cause of action arises from Turn 5's advertisement and sale of patent infringing products to customers, including those who reside in the Middle District of Georgia.

    i) By advertising and selling products which infringe upon Plaintiff's patents, Defendant has committed a tortuous act within the State of Georgia and the Middle District of Georgia.

j) By advertising and selling products which infringe upon Plaintiff's patents, Defendant has committed a tortuous injury within the State of Georgia and the Middle District of Georgia.

k) By advertising, selling and shipping products to the customers in the State of Georgia, Turn 5 could reasonably expect to be sued in the State of Georgia.

l) By advertising, selling and shipping products which infringe upon patents held by a company whose principal place of business is in Valdosta, Georgia, Turn 5 could reasonably expect to be sued in the Middle District of Georgia.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(2).

## BACKGROUND

7. On December 16, 2008 U.S. Patent No. 7,464,621, entitled "Longitudinally Displaced Shifter" ("the '621 Patent"), was duly and legally issued to William Mathis and Christopher Lyew. Steeda is the owner by assignment of all right, title and interest in and to the '621 Patent. A copy of the '621 Patent is attached as Exhibit "A" hereto.

8. On December 5, 2006 U.S. Patent No. 7,144,021, entitled "Front Suspension Tuning Apparatus for Vehicle with Struts" ("the '021 Patent"), was duly and legally issued to Andrew D. Carlson. Steeda is the owner by assignment of all right, title and interest in and to the '021 Patent. A copy of the '021 Patent is attached as Exhibit "B" hereto.

9. On August 24, 2004 U.S. Design Patent No. D494,894, entitled "Caster Camber Plate" ("the '894 Patent"), was duly and legally issued to Andrew D. Carlson. Steeda is the owner by assignment of all right, title and interest in and to the '894 Patent. A copy of the '894 Patent is attached as Exhibit "C" hereto.

10. On July 31, 2001 U.S. Design Patent No. D445,741 entitled "Clutch Quadrant" ("the '741 Patent"), was duly and legally issued to Andrew D. Carlson.  Steeda is the owner by assignment of all right, title and interest in and to the '741 Patent.  A copy of the '741 Patent is attached as Exhibit "D" hereto.

11. On June 5, 2001 U.S. Design Patent No. D443,238, entitled "Clutch Quadrant" ("the '238 Patent"), was duly and legally issued to Andrew D. Carlson.  Steeda is the owner by assignment of all right, title and interest in and to the '238 Patent.  A copy of the '238 Patent is attached as Exhibit "E" hereto.

## COUNT I
## PATENT INFRINGEMENT
## ('621 Patent)

12. This Count alleges Patent Infringement of the '621 Patent against Turn 5, pursuant to 35 U.S.C. § 271(a).  Steeda repeats and realleges Paragraphs 1-11 above.

13. Turn 5 has infringed and is still infringing one or more claims of the '621 Patent by making, using, selling, offering to sell and/or importing into the United States an "SR Performance Shifter – TR-3650 (05-10 GT)" embodying the invention protected under the '621 Patent, and will continue to do so unless enjoined by this Court.  A screen shot from Turn 5's website, www.americanmuscle.com, depicting this accused infringing product is attached as Exhibit "F" hereto.

14. Upon belief, Turn 5's acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

15. Turn 5's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Steeda.  These infringing acts have caused, are causing

and will continue to cause injury to Steeda, including irreparable injury and damages, unless and until Turn 5 is enjoined from doing so by this Court.

### COUNT II
### PATENT INFRINGEMENT
### ('021 Patent)

16.   This Count alleges Patent Infringement of the '021 Patent against Turn 5, pursuant to 35 U.S.C. § 271(a).  Steeda repeats and realleges Paragraphs 1-11 above.

17.   Turn 5 has infringed and is still infringing one or more claims of the '021 Patent by making, using, selling, offering to sell and/or importing into the United States "J&M Caster Camber Plates (94-04 All)" embodying the invention protected under the '021 Patent, and will continue to do so unless enjoined by this Court.  A screen shot from Turn 5's website, www.americanmuscle.com, depicting this accused infringing product is attached as Exhibit "G" hereto.

18.   Upon belief, Turn 5's acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

19.   Turn 5's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Steeda.  These infringing acts have caused, are causing and will continue to cause injury to Steeda, including irreparable injury and damages, unless and until Turn 5 is enjoined from doing so by this Court.

### COUNT III
### PATENT INFRINGEMENT
### ('894 Patent)

20.   This Count alleges Patent Infringement of the '894 Patent against Turn 5, pursuant to 35 U.S.C. § 271(a).  Steeda repeats and realleges Paragraphs 1-11 above.

21. Turn 5 has infringed and is still infringing the '894 Patent by making, using, selling, offering to sell and/or importing into the United States "J&M Caster Camber Plates (94-04 All)" incorporating the ornamental design protected under the '894 Patent, and will continue to do so unless enjoined by this Court. A screen shot from Turn 5's website, www.americanmuscle.com, depicting these accused infringing products is attached as the aforementioned Exhibit "G" hereto.

22. Upon belief, Turn 5's acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

23. Turn 5's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Steeda. These infringing acts have caused, are causing and will continue to cause injury to Steeda, including irreparable injury and damages, unless and until Turn 5 is enjoined from doing so by this Court.

## COUNT IV
## PATENT INFRINGEMENT
## ('741 Patent)

24. This Count alleges Patent Infringement of the '741 Patent against Turn 5, pursuant to 35 U.S.C. § 271(a). Steeda repeats and realleges Paragraphs 1-11 above.

25. Turn 5 has infringed and is still infringing the '741 Patent by making, using, selling, offering to sell and/or importing into the United States an "SR Performance Double Hook Clutch Quadrant (82-04 All)" incorporating the ornamental design protected under the '741 Patent, and will continue to do so unless enjoined by this Court. A screen shot from Turn 5's website, www.americanmuscle.com, depicting this accused infringing product is attached as Exhibit "H" hereto.

26. Upon belief, Turn 5's acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

27. Turn 5's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Steeda. These infringing acts have caused, are causing and will continue to cause injury to Steeda, including irreparable injury and damages, unless and until Turn 5 is enjoined from doing so by this Court.

## COUNT V
## PATENT INFRINGEMENT
### ('238 Patent)

28. This Count alleges Patent Infringement of the '238 Patent against Turn 5, pursuant to 35 U.S.C. § 271(a). Steeda repeats and realleges Paragraphs 1-11 above.

29. Turn 5 has infringed and is still infringing the '238 Patent by making, using, selling, offering to sell and/or importing into the United States an "SR Performance Double Hook Clutch Quadrant (82-04 All)" incorporating the ornamental design protected under the '238 Patent, and will continue to do so unless enjoined by this Court. A screen shot from Turn 5's website, www.americanmuscle.com, depicting this accused infringing product is attached as the aforementioned Exhibit "H" hereto.

30. Upon belief, Turn 5's acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

31. Turn 5's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Steeda. These infringing acts have caused, are causing

and will continue to cause injury to Steeda, including irreparable injury and damages, unless and until Turn 5 is enjoined from doing so by this Court.

## DAMAGES

26.  Plaintiff has been damaged by Defendant's acts of infringement in an amount to be determined by a jury, but in no event less than $75,000.

## DEMAND FOR JURY TRIAL

Steeda requests that all issues in this case be tried to a jury.

WHEREFORE, Steeda prays that this Court:

A.  Enter judgment against Turn 5 for infringement of the '621 Patent and permanently enjoin Turn 5, its principals, officers, directors, agents, employees, subsidiaries, affiliates and all other persons acting in active concert or participation with them, from further acts of infringement, pursuant to 35 U.S.C. § 283;

B.  Enter judgment against Turn 5 for damages arising from the infringement of the '621 Patent, pursuant to 35 U.S.C. § 284;

C.  Enter judgment for Steeda for an accounting as to all damages arising from Turn 5's infringement of the '621 Patent;

D.  Enter judgment against Turn 5 for infringement of the '021 Patent and permanently enjoin Turn 5, its principals, officers, directors, agents, employees, subsidiaries, affiliates and all other persons acting in active concert or participation with them, from further acts of infringement, pursuant to 35 U.S.C. § 283;

E.  Enter judgment against Turn 5 for damages arising from the infringement of the '021 Patent, pursuant to 35 U.S.C. § 284;

[1181223/1]   8

  F. Enter judgment for Steeda for an accounting as to all damages arising from Turn 5's infringement of the '021 Patent;

  G. Enter judgment against Turn 5 for infringement of the '894 Patent and permanently enjoin Turn 5, its principals, officers, directors, agents, employees, subsidiaries, affiliates and all other persons acting in active concert or participation with them, from further acts of infringement, pursuant to 35 U.S.C. § 283;

  H. Enter judgment against Turn 5 for damages arising from the infringement of the '894 Patent, pursuant to 35 U.S.C. §§ 284 and 289;

  I. Enter judgment for Steeda for an accounting as to all damages arising from Turn 5's infringement of the '894 Patent;

  J. Enter judgment against Turn 5 for infringement of the '741 Patent and permanently enjoin Turn 5, its principals, officers, directors, agents, employees, subsidiaries, affiliates and all other persons acting in active concert or participation with them, from further acts of infringement, pursuant to 35 U.S.C. § 283;

  K. Enter judgment against Turn 5 for damages arising from the infringement of the '741 Patent, pursuant to 35 U.S.C. §§ 284 and 289;

  L. Enter judgment for Steeda for an accounting as to all damages arising from Turn 5's infringement of the '741 Patent;

  M. Enter judgment against Turn 5 for infringement of the '238 Patent and permanently enjoin Turn 5, its principals, officers, directors, agents, employees, subsidiaries, affiliates and all other persons acting in active concert or participation with them, from further acts of infringement, pursuant to 35 U.S.C. § 283;

[1181223/1] 9

N. Enter judgment against Turn 5 for damages arising from the infringement of the '238 Patent, pursuant to 35 U.S.C. §§ 284 and 289;

O. Enter judgment for Steeda for an accounting as to all damages arising from Turn 5's infringement of the '238 Patent;

P. Enter judgment that this case is exceptional, and award Steeda treble damages, attorney fees and costs incurred in connection therewith, pursuant to 35 U.S.C. § 285; and

Q. Enter judgment granting Steeda such other relief as this Court deems appropriate.

Respectfully Submitted this 22nd day of August, 2014,

*s/ Edward F. Preston*
Edward F. Preston
Georgia Bar No. 587416
COLEMAN TALLEY LLP
Post Office Box 5437
Valdosta, GA 31603-5437
Telephone: (229) 242-7562
Facsimile: (229) 333-0885
Email: ed.preston@colemantalley.com

***To Be Admitted Pro Hac Vice***

Carl J. Spagnuolo
McHALE SLAVIN
Florida Bar No. 0154679
2855 PGA Boulevard
Palm Beach Gardens, FL 33410
Telephone: (561) 625-6575
Facsimile: (561) 625-6575
Email: cspagnuolo@mchaleslavin.com

***Attorneys for Plaintiff Steeda Autosports, Inc.***

[1181223/1]   10